**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**


UNITED STATES                       )
                                      )     CR 12-19
          v.                       )     CV 15-894

KEITH ALFRED HAYES



**MEMORANDUM ORDER**


In this action, Defendant pleaded guilty to conspiracy to distribute and possess with intent to distribute oxycodone.   He was subsequently sentenced to a term of imprisonment of 60 months.   Defendant did not file an appeal.  His sentence was later reduced pursuant to 18 U.S.C. § 3582(c)(2).  Before the Court is Defendant's Motion to Vacate his sentence, pursuant to 28 U.S.C. § 2255.[1]  For the following reasons, the Defendant's Motion will be denied, and no certificate of appealability shall issue.

Relief is available under Section 2255 only under exceptional circumstances, when the claimed errors of law are "a fundamental defect which inherently results in a complete miscarriage of justice," or "an omission inconsistent with the rudimentary demands of fair procedure." Hill v. United States, 368 U.S. 424, 428, 82 S. Ct. 468, 7 L. Ed. 2d 417 (1962). A district court need not hold an evidentiary hearing on a Section 2255 motion if the motion, files, and records show conclusively that the defendant is not entitled to relief. United States v. Ritter, 93 Fed. Appx. 402 (3d Cir. 2004).  I further note that pro se pleadings are to be construed liberally, and I have so construed Defendant's submissions.  See United States v. Otero, 502 F.3d

---

[1] This matter was reassigned to me on February 23, 2016; Judge Cercone presided over earlier proceedings.

331, 334 (3d Cir. 2007). In this case, a hearing is unnecessary, and the Motion will be disposed of on the record.

Defendant's Section 2255 Motion must be denied, on various grounds. Defendant argues that he had been sentenced in state court when the federal writ in this case was issued. He contends that the time frame covered in the federal indictment was the same time frame as that covered by his conviction in state court. Thus, he seeks relief under 18 U.S.C. § 3584, and an adjustment of his sentence, seeking credit for time served under his state sentence.

He does not claim that the alleged error arose due to ineffective assistance of counsel; indeed, it appears that counsel argued this matter before the District Court. To the extent that Defendant raises an argument already rejected, therefore, I reject that argument on the same grounds as did Judge Cercone in his Memorandum Order dated July 8, 2014. There, Judge Cercone determined that Defendant's sentence in the Court of Common Pleas of Jefferson County, Pennsylvania, should be considered a prior sentence under the guidelines. He reasoned that cocaine was at issue in state court, and oxycodone at issue in this Court; and that Defendant had already served his state court sentence prior to the federal indictment.

Further, I note that a movant procedurally defaults claims that he neglects to raise on appeal. United States v. Calhoun, 600 Fed. Appx. 842 (3d Cir. 2015). Defendant contends that he did not raise these issues on appeal, because he was not represented by counsel. Pro se status, however, without more, is not cause for procedural default. See Siluk v. Beard, 395 Fed. Appx. 817, 820 (3d Cir. 2010). I have carefully reviewed Defendant's submissions alongside the record, and conclude that Defendant has not demonstrated entitlement to relief under Section 2255.

Under 28 U.S.C.§ 2253(c)(2), a "certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right."  When a district court denies a § 2255 motion on a procedural ground, without reaching the underlying constitutional claim, a certificate of appealability should issue only if (1) jurists of reason would find the district court's procedural ruling debatable, and (2) the petition states a valid claim that constitutional rights were denied.  See Slack v. McDaniel, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000).   Under these standards, no certificate of appealability shall issue.

AND NOW, this 17th day of March, 2016, IT IS SO ORDERED.

BY THE COURT:

/s/Donetta W. Ambrose

Donetta W. Ambrose

Senior Judge, U.S. District Court